BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>APPROXIMATELY $42,920.00 IN U.S. CURRENCY,<br><br>　　　　Defendant. | STIPULATION FOR CONSENT JUDGMENT OF FORFEITURE |

  The United States of America and potential claimant Jesse Mahon by and through their undersigned counsel, hereby STIPULATE as follows:

  1. On or about January 24, 2012, Special Agents James Delaney and Richard Britt with the Drug Enforcement Administration ("DEA") and El Dorado County Sheriff's Deputy Applegate contacted Jesse Mahon ("Mahon") on an Amtrak train arriving in Roseville, California from New York. Two bags were seized from Mahon, one of which contained approximately $42,920.00 in U.S. Currency (hereafter "defendant currency"). The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others. On or about March 22, 2012, the DEA received a claim from Jesse Mahon asserting an ownership interest in the defendant currency.

2. The United States represents that it could show at a forfeiture trial that on January 24, 2012, DEA agents and El Dorado County Sheriff's Deputies, acting on a tip, approached Mahon while he was on an Amtrak train headed to Sacramento. The agents and deputies introduced themselves as law enforcement and asked Mahon if they could search his bag. Mahon provided consent and the agents discovered several bundles of cash in one of his carry-on bags. When asked, Mahon stated that he had "about $7,000" in the carry-on bag, but the officer said that he felt several bundles of cash. The officers then obtained a state search warrant and discovered the defendant currency in Mahon's bag.

3. The United States could further show at trial that a drug dog positively alerted to the presence of the odor of narcotics on the bag containing the defendant currency.

4. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

5. Without admitting the truth of the factual assertions contained in this stipulation, Jesse Mahon specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Jesse Mahon joins this Stipulation for Consent Judgment of Forfeiture. Jesse Mahon hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Jesse Mahon shall hold harmless and indemnify the United States, as set forth below.

6. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

7. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

8. The parties herein desire to settle this matter, and a Consent Judgment of Forfeiture may be entered based upon the following terms with which Jesse Mahon expressly agrees:

    a. Upon entry of the Consent Judgment of Forfeiture, $31,920.00 of the $42,920.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

    b. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $11,000.00 of the $42,920.00 in U.S. Currency, together with any interest that may have accrued on that amount, shall be returned to potential claimant Jesse Mahon.

    c. Jesse Mahon releases the United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. The parties to this agreement agree to waive the provisions of California Civil Code § 1542, which provides, "A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor."

    d. Pursuant to Rules 408 and 410(4) of the Federal Rules of Evidence, no portion of this stipulated settlement, including statements or omissions made herein, shall be admissible in any criminal action.

    e. Reasonable cause for the seizure of the defendant currency exists, and the Court may enter a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465.

1       f.    Federal law requires the Department of the Treasury and other disbursing officials to offset Federal payments to collect delinquent tax and non-tax debts owed to the United States, and to individual states (including past-due child support). If an offset is made to the payment to be made to claimant pursuant to this stipulation, claimant will receive a notification from the Department of the Treasury at the last address claimant provided to the government agency or entity to whom the offset payment is made. Claimant may contact the Treasury Department at 1-800-304-3107 to determine if this payment is subject to an offset.

      g.    Each party represents that he or she understands the content of this Stipulation and enters it voluntarily, and has not been influenced by any person acting on behalf of any other party.

      h.    All parties will bear their own costs and attorney's fees.

Dated: 5-18-12

BENJAMIN B. WAGNER
United States Attorney

*/s/ Kevin C. Khasigian*
KEVIN C. KHASIGIAN
Assistant U.S. Attorney

Dated: 5-16-12

*/s/ Jesse Mahon*
JESSE MAHON
Potential Claimant

Dated: 5/15/12

*/s/ Harris B. Taback*
HARRIS B. TABACK
Attorney for Potential Claimant Jesse Mahon